FILED
at ___ O'clock & ___ min. ___ M
APR 2 2 2008
United States Bankruptcy Court
Columbia, South Carolina (26)

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 08-00409-JW |
| | Chapter 13 |
| Mary F. Bell, | **ORDER** |
| Debtor(s). | |

ENTERED
APR 2 2 2008
L. G. R.

This matter comes before the Court on the objection ("Objection") filed by Chase Home Finance, LLC ("Chase") to the Proposed Chapter 13 Plan and Related Motions filed by Mary F. Bell ("Debtor"). In this case, Debtor proposes to value Chase's lien at $4,500 in her motion to value and chapter 13 plan ("Plan"). The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 1334. The Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52, which is made applicable to this contested matter by Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 9014(c).[1]

**FINDINGS OF FACT**

1.  Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on January 19, 2008. Simultaneously with her petition, Debtor filed her schedules and statements. In Schedule A – Real Property, Debtor listed ownership of a one-half interest in real property located at 89 Richard Road, in Johnsonville, South Carolina (the "Real Property").[2] In Schedule B – Personal Property, Debtor listed ownership of a 1998

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

[2] A copy of the mortgage, which was entered into evidence by Chase and includes the signatures of Debtor and Debtor's daughter, indicates that Debtor's daughter may have a one-half interest in the Real Property.

1

Pioneer mobile home ("Mobile Home"). Chase is listed as the secured creditor on Schedule D with a security interest in the Real Property.

2. Debtor filed the Plan on January 19, 2008. The Plan proposes to satisfy Chase's allowed secured claim with monthly payments of $118, plus 8.5% interest. Debtor further moves to value Chase's lien at $4,500 in accordance with a valuation of real property reflected in a tax assessment obtained from the Williamsburg County Tax Assessor's Office.[3]

3. On February 14, 2008, Chase filed a proof of claim, asserting that it holds a claim of $65,111.75, which is secured by real property. Chase attached copies of an Adjustable Rate Note and Mortgage, both of which are dated January 5, 2001 and which appear to bear Debtor's signature. The Mortgage makes no reference to the Mobile Home and the legal description of the Real Property does not include a specific reference to improvements located on the Real Property. However, the Mortgage includes the following clause:

> TO HAVE AND TO HOLD this property unto Lender and Lender's successors and assigns, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

4. On February 14, 2008, Chase filed its Objection.

5. The Court held a hearing on the Objection on April 1, 2008. Chase presented the testimony of Diana Jones, a real estate agent, who photographed the Real

---

[3] The tax assessment was not entered into evidence.

Property and Mobile Home and prepared a broker's price opinion.[4] Four photographs were admitted as evidence during the hearing. Debtor and Debtor's daughter testified regarding the purchase of the Mobile Home and its present location and condition. Debtor testified that she owned the land at the time she purchased the Mobile Home. Debtor's testimony indicated that she financed the purchase of the Mobile Home with Chase through the Seller, Discount Homes, and requested that her land not be encumbered by the mortgage. An appraisal, dated November 7, 2000, which was entered into evidence by Chase, indicates that the loan was made in consideration of the value of the land with the Mobile Home affixed.

6. The Mobile Home, as located on the Real Property, constitutes Debtor's principal residence.

7. The Mobile Home has been located on the Property since it was purchased. It does not have a permanent foundation. The tongue has been removed from the Mobile Home, but remains on the Property. A wooden ramp has been erected adjacent to the Mobile Home. Small shrubbery has been planted around the Mobile Home, but it appears to be easily moveable without significant damage to surrounding property. It appears that the Mobile Home has a separate tax map number than the Property. No evidence was presented regarding a certificate of title to the Mobile Home or the notation of a lien thereon.

---

[4] On cross examination, the agent stated an opinion of the value of the Real Property with the Mobile Home. She did not express an opinion regarding the value of the Real Property by itself.

## ISSUE

**Whether the Mobile Home is sufficiently affixed to the Real Property such that 11 U.S.C. § 1322(b)(2) prevents Debtor from modifying Chase's rights as the holder of a secured claim in this case.**

## CONCLUSIONS OF LAW

Section 1322(b)(2) provides:

Subject to subsections (a) and (c) of this section, the plan may –
...
(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence.

In enacting this provision, Congress intended to protect residential mortgagees which did not have other collateral. See Hearings Before the Subcommittee on Improvements of the Judicial Machinery of the Senate Comm. on the Judiciary, 95th Cong., 1st Sess. 652-53, 703, 707, 714-15, 719-21 (1977)); see also Nobelman v. American Savings Bank, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993)(Stevens, J., concurring)("[Section 1322(b)(2)'s] legislative history indicate[s] that favorable treatment of residential mortgagees was intended to encourage the flow of capital into the home lending market.") The protection is predicated upon three criteria: (1) the claim must be secured by real property, (2) that is the debtor's principal residence, and (3) the claim must not be secured by any other property or collateral. See § 1322(b)(2).

In its Objection, Chase contends that 11 U.S.C. § 1322(b)(2) prohibits Debtor from modifying its claim because its claim is secured by a first mortgage lien on the Property and Mobile Home, which serve as Debtor's principal residence. Debtor asserts

4

that she may value Chase's claim because the Mobile Home is not included in the property description of the Mortgage and is not a fixture, and thus is not encumbered by Chase's lien.

A. **Is the Mobile Home Sufficiently Affixed to the Real Property To Be Covered by Chase's Mortgage?**

Generally, under South Carolina state law, mobile homes are treated as personal property and liens on mobile homes are required to be recorded on the certificate of title in order to be perfected. See S.C. CODE ANN. §§ 56-19-650; 56-19-10(39); 36-9-303. However, if a mobile home is sufficiently attached to real property such that it becomes a fixture, the mobile home may be subject to the mortgage encumbering the property. See In re Rebel Manufacturing and Marketing Corp., 54 B.R. 674, 675 (Bankr. D.S.C. 1985)("It has long been the law in South Carolina that fixtures annexed to land which is encumbered with a mortgage inure to the benefit of the real property mortgage.") "The question of whether or not a mobile home is sufficiently affixed to real property to be 'real property' afforded the protection of § 1322(b)(2) is a question of state law." In re Ford, No. 97-05675-D, slip op. at 3 (Bankr. D.S.C. Oct. 29, 1997); In re Magee, No. 99-03418-B, slip op. at 3 (Bankr. D.S.C. Sept. 3, 1999). The test for determining whether a mobile home continues to be personal property or becomes a fixture includes the following factors: (1) mode of attachment, (2) character of the structure, (3) intent of the parties, and (4) relationship of the parties. See In re Rebel Manufacturing and Marketing Corp., 54 B.R. at 675 (citing Carrol v. Britt, 227 S.C. 9, 86 S.E.2d 612 (1955)).

In this case, the Mobile Home was placed on the Property by Debtor. It appears that Chase provided the financing that enabled Debtor to purchase the Mobile Home. No

5

evidence has been presented indicating that Chase has recorded its lien on the certificate of title to the Mobile Home. Thus, from the evidence to date, it does not appear that Chase has a perfected security interest in the Mobile Home, if the Mobile Home continues to be personal property.[5]

Applying the factors used to determine whether a mobile home is a fixture to real property, it appears that the Mobile Home may not be sufficiently affixed to the real property to be encumbered by the mortgage. Although the tongue has been removed and skirting has been placed around the bottom of the Mobile Home, no permanent foundation has been laid. Debtor and her daughter testified that upon inquiry with a mobile home professional, they were informed that it would be relatively simple and affordable to reattach the tongue, remove the skirting, and move the Mobile Home. No substantial structures or trees appear to block the removal of the Mobile Home from the Property. No evidence was presented regarding whether the character of the Mobile Home would prevent removal without difficulty or damage to the Property. Thus, the "mode of attachment" and "character of the present structure" factors favor Debtor. See In re Avery, 7 B.R. 28, 30 (Bankr. D.S.C. 1980)(finding that a mobile home was not a fixture, even though the wheels and towing yoke had been removed, where there was no permanent foundation, removal of the mobile home appeared to be fairly simple, and it seemed clear that it was the intent of the parties that the mobile home remain personal property).

---

[5] S.C. Code Ann. § 56-19-500 et al., effective July 14, 2003, provides a uniform statutory procedure for affixing a mobile home to real estate and retiring the title so that the mobile home is treated for all purposes, except condemnation, as real property. There is no indication that the parties have followed the

Debtor's testimony indicates that she wished to treat the Mobile Home separate "from her land" and so advised the seller. However, this is contrary to her action in granting a real estate mortgage to Chase. The appraisal indicates that Chase considered the Property and Mobile Home together in making the loan; however, the appraisal does not bear Debtor's acknowledgement. Thus, the "intent" factor is neutral.

Finally, it appears that Debtor did not deal directly with Chase in her purchase of the Mobile Home or mortgage of the Property, making the "relationship of the parties" factor neutral.

Evaluating these factors based on the evidence presented, it appears that the Mobile Home is not sufficiently affixed to the Property to be encumbered by the Mortgage and thus Chase's claim appears secured only by a security interest in the Real Property.

B.     **Is the Mobile Home Encumbered by the Mortgage as a Result of the Agreement of the Parties?**

This Court has previously held that the factors cited in Rebel Manufacturing are applied in the absence of a specific agreement or contract. In re Magee, No. 99-03418-B, slip op. at 5 (Sept. 3, 1999)(citing Carroll v. Britt, 86 S.E.2d 615 (1955)). In that decision, the Court held that the parties can agree as to whether an object that would normally retain its character as personal property shall become a fixture. In re Magee, No. 99-03418-B, slip op. at 5. In this case, the Mortgage includes a clause that provides that "all the improvements now or hereafter erected on the property, and all easements,

---

statutory procedure to de-title the Mobile Home and affix it to the Property, thus the Court must apply common law to determine whether the Mobile Home constitutes real property in this case.

appurtenances, and fixtures now or hereafter a part of the property" are included within the definition of the "Property" covered by the Mortgage. However, this clause appears to be standard form language in the Mortgage contract, which is general in nature, and does not specifically reference the Mobile Home. Further, "erect" is defined in Black's Law Dictionary as meaning "to construct" or "to establish." BLACK'S LAW DICTIONARY 562 (7th ed. 1999). It appears that the Mobile Home was placed upon the Real Property already constructed and remains movable from the property. Accordingly, the Court is unable to conclude from this language that the parties agreed by contract that the Mobile Home would be a fixture to the Real Property. See id. (finding that a mobile home was a fixture by agreement where mortgage included language specifically stating that "the property includes a mobile home which is permanently affixed to the real property and is considered a fixture thereto").

## CONCLUSION

For the foregoing reasons, the Court concludes that Chase does not have a security interest in the Mobile Home as a fixture to the Real Property under state law or by agreement. Accordingly, the Court finds that § 1322(b)(2) does not prohibit the valuation of Chase's claim because Chase does not have a security interest the Mobile Home, which is Debtor's principal residence.[6] Therefore, it is hereby

ORDERED that Chase's Objection to Proposed Chapter 13 Plan and Related Motions is overruled to the extent that it asserts that the Mobile Home is covered by the Mortgage. However, because no testimony regarding the value of the Real Property was

---

[6] Chase did not present other argument regarding the application of § 1322(b)(2) or assert an equitable lien against the Mobile Home.

8

presented, even by Debtor,[7] the hearing on Debtor's motion to value Chase's claim and confirmation of Debtor's chapter 13 plan is continued until May 15, 2008 at 9:30 a.m. at the King and Queen Building, 145 King Street Room 225, Charleston, South Carolina 29401.

**AND IT IS SO ORDERED.**

*[signature]*
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
April 22, 2008

---

[7] "Generally, 'a property owner, who is familiar with his property and its value, may give his estimate as to its value…, even though he is not otherwise an expert.'" In re Coates, 180 B.R. 110, 117 (Bankr. D.S.C. 1995). However, Debtor bears the burden of proof and thus must present credible and convincing evidence to establish the value of the Real Property. See In re Johnson, C/A No. 99-10986, slip op. at 2 (Bankr. D.S.C. Mar. 20, 2000).